# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR415-095 |
| | ) | |
| STACY PAUL WADDELL | ) | |

## ORDER

Indicted for, *inter alia*, wire and mail fraud, doc. 89, defendant Stacy Paul Waddell moves to suppress evidence against him: (1) data obtained from a government agent's search of a still extant website (http://pmxrefinery.com); and (2) data obtained from two envelopes mailed by BB&T to a company Waddell says he controlled: Southern Precious Metals, Inc. ("SMPI"). Docs. 57, 63, & 101.

The government argues, *inter alia*, that Waddell lacks standing to litigate SMPI's rights because shareholders (even controlling shareholders) lack standing to assert a corporation's Fourth Amendment rights. Doc. 98

---

[1] In case law binding on this Court it was explained:

> When a man chooses to avail himself of the privilege of doing business as a corporation, even though he is its sole shareholder, he may not vicariously take on the privilege of the corporation under the Fourth Amendment; documents which he could have protected from seizure, if they had been his own, may be

at 19-20.[1]  But it does *not* argue that about the pmxrefinery.com search.  *Id.* at 1-19.

Yet, at the October 22, 2015 hearing in this case (doc. 70) the Court heard testimony from web designer/administrator Heidi Peterson -- hired by Waddell to set up pmxrefinery.com -- "[t]hat the name of the company that we set the domain up under [pmxrefinery.com] was Global Gold."  Global Gold Inc., has been and remains an active Georgia company.  *See* attached (Georgia Secretary of State corporate record showing "Waddell, S.P." as its "Registered Agent").  Within 7 days of the date this Order is served, the parties shall furnish any further evidence bearing upon the true ownership of the pmxrefinery.com website.[2]  If necessary, the Court will

---

used against him, no matter how they were obtained from the corporation. Its wrongs are not his wrongs; its immunity is not his immunity.

*United States v. Britt*, 508 F.2d 1052, 1055 (5th Cir. 1975), quoting *Lagow v. United States*, 159 F.2d 245, 246 (2d Cir. 1946); *accord*, *United States v. Vicknair*, 610 F.2d 372, 379 (5th Cir. 1980) ("When corporate property is seized or searched, an individual cannot assert the corporation's Fourth Amendment rights absent a showing that he had an independent privacy interest in the goods seized or the area searched."); *Williams v. Kunze*, 806 F.2d 594, 599 (5th Cir. 1986) ("Unless the shareholder, officer or employee can demonstrate a legitimate and reasonable expectation of privacy in the records seized, he lacks standing to challenge the search and seizure."); *Ruttenberg v. Jones*, 603 F. Supp. 2d 844, 860-61 (E.D. Va. 2009) (a corporation's shareholder -- even a sole shareholder -- does not have standing to assert the corporations' Fourth Amendment rights, absent harm to an individualized, legitimate and reasonable expectation of privacy); *see also United States v. Nagle*, 803 F.3d 167, 178-89 (3rd Cir. 2015) (defendant, as shareholder and executive of corporations, did not have reasonable expectation of privacy in employees' offices, employees' computers, or electronic files located on network server, as required to challenge search and seizure of corporate office; he did not show that he used his employees' offices, that he used their computers, or that he accessed their files).

[2]  For example, no information was elicited from any witness regarding precisely who paid Ms. Peterson to set up

reopen the evidentiary hearing to resolve any factual disputes regarding this narrow question.

**SO ORDERED**, this  20th  day of November, 2015.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

pmxrefinery.com.  Nor did the Court receive any evidence about who was listed on the invoice she submitted for payment for her services, whose bank account was linked to the PayPal account that paid those invoices, or any other evidence on this point.  The source of that payment may be highly relevant to the website ownership issue.