# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No. CR415-095 |
| ) | |
| STACY PAUL WADDELL ) | |

# REPORT AND RECOMMENDATION

Before the Court are three indictment-related motions filed by defendant Stacy Waddell: a (1) motion to dismiss (doc. 106); (2) motion to sever counts (doc. 103); and (3) motion to strike surplusage. Doc. 102. The Court reaches each in turn.

### A.  Motion to Dismiss

Waddell first contends that venue in the Southern District is improper for counts 1-4, 5-7, and 15 because the conduct at issue in those counts either "did not originate, pass through, or end" in-district, did not occur in-district, or wasn't material to "any proceedings in district." Doc. 106 at 2. Second, he contends that all fifteen counts fail to plead offenses against him because of factual deficiencies. *Id.* at 2-3.

As the Eleventh Circuit made clear:

> By now it has become well-established that "[t]he sufficiency of a criminal indictment is determined from its face." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) (quoting *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)). "For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (internal quotation marks omitted).

*United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006).

The face of the indictment here contains more than enough to establish venue and state offenses for each of the fifteen substantive counts. *See, e.g.*, doc. 89 at 7-8 (alleging that the wire transfers underlying counts 1-4 all were destined for banks in the Savannah, Georgia area). Hence, those grounds for dismissal go nowhere.

Waddell next contends that counts 8, 9, 13, and 14, "are multiplications" and should be dismissed. *Id.* at 7. It is true that one transaction forms the basis for counts 8 and 13 (18 U.S.C. § 1956), and one for counts 9 and 14 (18 U.S.C. § 1957). *See* doc. 89 at 10-12. But that does not make 8 duplicative of 13, or 9 of 14. Double jeopardy principles -- the constitutional core of "multiplicitousness" claims --

> do[] not shield a defendant against prosecution under one or more of the applicable statutes so long as "each statute requires proof of an additional fact which the other does not. . ." *Blockburger* [*v. United States*], 284 U.S. [299,] 304 [1932]. The *Blockburger* test is one of statutory interpretation in which we examine the elements

of each offense to determine whether Congress intended to authorize cumulative punishments. *Albernaz v. United States*, 450 U.S. 333, 337, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981).

*United States v. Williams*, 527 F.3d 1235, 1240 (11th Cir. 2008). Here, the grand jury saw fit to indict Waddell under two separate (albeit related) statutory provisions (18 U.S.C. §§ 1956 & 57) that do not share all elements -- § 1957 only applies to transactions involving more than $10,000. Doing so was not error. *See Williams*, 527 F.3d 1240.

Waddell next argues that the government engaged in prosecutorial misconduct in a variety of ways during and in relation to grand jury proceedings. Doc. 106 at 4-5 (*e.g.*, the prosecutor deliberately withheld from the grand jury material evidence). "As a general rule, as long as the prosecutor has probable cause to believe the accused has committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute." *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006). Moreover, "[a] prosecutor may seek a superseding indictment at any time prior to a trial on the merits." *Id.* Indictments of any kind, however, "violate due process if the prosecutor obtained the . . . charges out of vindictiveness." *Id.* Because Waddell offers nothing

3

beyond conclusions to support his misconduct allegations, his argument falls flat.

Finally, Waddell fancies that Postal Inspector Thomas Plumley, a former U.S. Probation Officer who supervised Waddell while he was on supervised release related to previous convictions, initiated the current investigation and addition of new charges in the second superseding indictment because of vindictiveness. *Id.* at 6. He offers nothing beyond rank speculation to support that accusation, and it accordingly goes nowhere. Since none of Waddell's arguments has any merit, his motion to dismiss the indictment (doc. 106) should be **DENIED**.

**B. Motion to Sever Counts**

Waddell seeks to have counts 1-4 and 8-14, all of which relate to the fraud scheme at the heart of this case (*see* the Report and Recommendation on Waddell's motion to suppress filed this day), severed from counts 5-7, which, he says, relate "to the sale of novelty items on Amazon.com,"[1] and thus "are not similar in nature or part of a single criminal act or scheme." Doc. 103 at 1. Under Fed. R. Crim. P. 14(a),

---

[1] This factual assertion is simply unsupported. The only mention of "Amazon" in the indictment is in conjunction with his alleged misuse of that site to lure his victims by "falsely claiming to have gold and silver for sale at significantly discounted prices." Doc. 89 at 3.

courts can sever counts in an indictment if joinder of the counts "appears to prejudice a defendant." "Severance motions require the district court to balance the defendant's right to a fair trial against the public's interest in the efficient and economic administration of justice." *United States v. Berkman*, 433 F. App'x 859, 862 (11th Cir. 2011). Here, nothing about joinder of the various counts prejudices Waddell in any way. He has not alleged that he wishes to testify about some charges but not others, *see id.* (defendants who demonstrate that they have "important testimony to give on one set of counts, and a strong need to refrain from testifying on the others" can demonstrate prejudice sufficient to warrant severance), nor does he offer any other reason beyond the similarity of the charged offenses. That's not enough and, consequently, his motion to sever (doc. 103) should be **DENIED**.

C. **Motion to Strike Surplusage**

Completing the trio of indictment motions, Waddell wants all or portions of fourteen paragraphs of the indictment struck for violating Fed. R. Crim. P. 7(d)'s "plain, concise, and definite" requirement. He contends their presence "may prejudice the jury or confuse them." Doc. 102. In fact, the indictment succinctly and clearly paints a factual

5

portrait detailed enough to fairly inform the defendant of the charges against him without including unnecessary, prejudicial surplusage. It easily meets Rule 7(d)'s command and, therefore, also must be denied.

### C. Conclusion

Defendant Stacy Waddell's motion to dismiss (doc. 106), motion to sever counts (doc. 103), and motion to strike surplusage (doc. 102) should be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 3rd day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA