UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. CR415-095 |
| | ) | |
| STACY PAUL WADDELL | ) | |

## ORDER

In a companion Report and Recommendation ("R&R") issued this day, the Court has reached *pro se* defendant Stacy Paul Waddell's motions to suppress evidence against him, docs. 57 & 63. In this Order the Court reaches an assortment of other motions. Familiarity with the background facts of this case (many are usefully set forth in the companion R&R) is presumed here.

**A. Motion In Limine**

In his Motion in Limine, Waddell "objects" to pretrial deposition witness Robert Folkenberg being questioned about Folkenberg's health and about Waddell's criminal history. Doc. 83. Waddell insists that these matters are prejudicial. *Id.* at 1. He impliedly invokes his right to an impartial jury under the Sixth Amendment, which in pertinent part

states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ." The unopposed motion is **GRANTED** in part. The health information is plainly irrelevant and unduly prejudicial. The Government shall therefore redact the deposition accordingly. The remainder of the motion is **DEFERRED** until trial.[1]

### B. Motions for Subpoenas and a Supplemental Hearing

In his motion for subpoenas Waddell says he "has requested an evidentiary hearing and needs to subpoena documents as evidence. He has no access to obtain addresses for subpoenas or ability to obtain subpoenas from clerk other than by US Mail." Doc. 84. He wants to be able to send a letter to the Clerk, who would then obtain the proper address of each witness and prepare, then serve, each subpoena for him. The Court has already held an evidentiary hearing, doc. 70, and **DENIES** Waddell's motion for a supplemental evidentiary hearing, doc.

---

[1] This is context-sensitive. *See, e.g., United States v. Butler*, 102 F.3d 1191, 1196 (11th Cir. 1997) (evidence of prior personal drug use is admissible to prove intent in subsequent prosecution for distribution of narcotics).

85,[2] but acknowledges that this case is going to trial soon, so it is worth pausing to review his fair-trial subpoena rights:

> The right of defendants to subpoena witnesses afforded by Rule 17, Fed.R.Crim.Proc., rests ultimately upon the Sixth Amendment guarantee of compulsory process. *United States v. Barker*, 6 Cir. 1977, 553 F.2d 1013, 1019; *Taylor v. United States*, 5 Cir. 1964, 329 F.2d 384. Additionally, because the right to compel attendance is so vital to the presentation of a meaningful defense, it is a fundamental element of due process of law, *Washington v. Texas*, 1967, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019, and of the "right not to be subjected to disabilities by the criminal justice system because of financial status." *Barker, Id.*

*Thor v. United States*, 574 F.2d 215, 218 (5th Cir. 1978).

> However, the constitutional right is not absolute. *Ross v. Estelle*, 694 F.2d 1008 (5th Cir.1983). When requesting a trial court to subpoena a witness, a criminal defendant has the duty to demonstrate the necessity of the particular witness's testimony. *United States v. Soape*, 169 F.3d 257, 268 (5th Cir.1999); *see also United States v. Valenzuela-Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982) (holding that a defendant cannot establish a violation of the constitutional right to compulsory process merely by showing that he was deprived of certain testimony, but must make a plausible showing that the testimony would have been both material and favorable to his defense).

*Young v. Thaler*, 2011 WL 6153143 at * 20 (S.D. Tex. Sept. 12, 2011).

Put another way, Waddell must comply with Fed. R. Crim. P. 17. "A defendant's request for a subpoena must comply with Federal Rule of

---

[2] In that motion he seeks to further litigate the "website suppression" motion denied in the Court's companion R&R issued this day.

3

Criminal Procedure 17(b), which directs district courts to issue a subpoena at government expense 'for a *named witness* if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense.' FED. R. CRIM. P. 17(b)." *United States v. Denton*, 535 F. App'x 832, 838 (11th Cir. 2013) (emphasis added). Too, the motion must be timely. *See id.* at 938-39 (denying defendant's request for subpoena of correctional officer as rebuttal witness was warranted in prosecution for armed bank robbery and brandishing firearm during crime of violence; defendant sought to subpoena officer to testify that jailhouse informant was "mentally challenged" and "always telling on people" in jail and thereby impeach informant, but he waited until less than one week before trial to seek subpoena and failed to identify witness by name in his motion).

In any event, Waddell's current motion for subpoenas (doc. 84) is **DENIED** on substantive grounds (to the extent he wants to subpoena witnesses for the now-denied supplemental evidentiary hearing that he sought) and procedural grounds (to the extent he seeks them for trial, his motion fails for lack of specificity).

## C. Internet Access

Waddell's motion for internet access (doc. 86) is **DENIED** in light of this Court's November 24, 2015 ruling granting him internet use. Doc. 108.

### D. Pretrial Release

Next, Waddell wants to be released on bail so he will be better able to prepare his defense. Doc. 97 at 1 ("Defendant is proceeding *pro se* and his unwarranted pre-trial detention is impeding his ability to prepare an adequate defense as he as limited access to witnesses and legal materials and no access to his exculpatory evidence located on various web servers."). The Court reaffirms its detention order findings and ruling, doc. 38, and further finds that Waddell has not shown cause to overturn them.[3] Nor are his Due Process rights abridged (he has been detained since May 21, 2015, doc. 14). *See United States v. Milan*, 4 F.3d 1038, 1044 (2d Cir. 1993) (thirty to thirty-one months valid detention); *United States v. Gonzales*, 995 F. Supp. 1299, 1303 (D.N.M. 1998) (detention for approximately thirty-five to thirty-seven months does not violate Due Process); *United States v. Falcon*, 930 F. Supp. 1518, 1522 (S.D. Fla.

---

[3] Notably, Waddell chose to represent himself instead of leaning on a court-appointed attorney. In doing so, he gave up the ability to have his attorney -- who obviously isn't detained -- investigate his case rather than attempt to do so himself from the confines of prison.

1996) (fifty-two month confinement before trial valid), cited in *United States v. Miller*, 2008 WL 2783146 at * 2 (D. Kan. July 15, 2008). His motion for pretrial release, then, is **DENIED**. Doc. 97.

### E. Motion to Exclude Deposition Evidence

Waddell reminds the Court that he waived his right to appear at the aforementioned Folkenberg deposition *if* the Government would timely produce to him "the physical evidence used at the deposition." Doc. 104. Because Waddell "received copies of various documents the day prior to [the] deposition[, even though] the government possessed [them for] months before [the] indictment [in this case, Waddell] moves that this evidence be excluded. . . ." Doc. 104 at 1. This motion is **DENIED** for lack of prejudice (having had time to review the documents, he nevertheless fails to specify *which* documents unfairly surprised him and thus how his Confrontation Clause rights were impinged).

### F. Motion for Bill of Particulars

Waddell also seeks a bill of particulars. Doc. 105.

> Federal Rule of Criminal Procedure 7(f), which governs motions for bills of particulars, explains:
>
> > The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time

> if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed.R.Crim.P. 7(f). The purpose of such a bill is "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery, *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990), and it "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

*United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006). Waddell's indictment more than sufficiently informs him of the charges he faces. Doc. 89. In 17 pages it details a web- and wire-based scheme to lure unsuspecting victims into buying gold and silver that Waddell never intended to deliver. E.g.:

> Once customers made payments as directed, Defendant WADDELL would not deliver the gold or silver as promised. Instead, Defendant WADDELL would repeatedly make false statements to his customers, in emails, text messages, and during telephone conversations, all to cover up his scheme to defraud and explain his failure to deliver gold or silver as promised.

Doc. 89 at 3 ¶ 4. It describes when and how he defrauded his victims, then sets forth the material elements of penal statutes, and details how

7

he violated them. *See, e.g., id.* at 6-8 (alleging violations of 18 U.S.C. §§ 2, 1343 and 2326). The Court thus **DENIES** Waddell's motion for a Bill of Particulars. Doc. 105.

### G. Other Motions

The Court will hear from the Government on Waddell's "discovery" and "transcript" motions, doc. 111 & 112. Hence, the Court **DEFERS** ruling on them (docs. 111 & 112).

To summarize, the Court **DENIES** defendant Stacy Paul Waddell's motions in limine (doc. 83), for Subpoenas and a Supplemental Hearing (docs. 84 & 85), for Internet Access (doc. 86), for pretrial release (doc. 97), to exclude deposition evidence (doc. 104) and for a Bill of Particulars Doc. 105. The Court **DEFERS** ruling on his other motions (docs. 111 & 112), to which the Government shall respond.

**SO ORDERED**, this 3rd day of December, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA