IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR415-095
)
STACY PAUL WADDELL, )
)
Defendant. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 119), to which objections have been filed (Doc. 141). After a careful de novo review of the record, the Court finds Defendant's objections to be without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Defendant's Motions to Suppress (Doc. 57; Doc. 63; Doc. 101) are **DENIED**.

In his objections, Defendant cites to several cases he argues establish his standing to challenge the warrantless search of the pmxrefinery.com website and bank account statements addressed to two companies owned by Defendant. (Doc. 141 at 1-7.) These cases, however, are inapposite because they either did not involve property of corporate entities, see Walter v. United States, 447 U.S. 649, 651 n.1 (1980) (recognizing package was addressed to individual, not corporate entity); United States v. Givens, 733 F.2d 339, 341-42 (4th Cir.

1984) (holding third-parties lacked standing to challenge warrantless search of package addressed to corporation regardless of whether they were intended recipients); United States v. Richards, 638 F.2d 765, 770 (5th Cir. 1981) (noting personal right to privacy in package addressed to non-existent business), challenged the warrantless search and seizure of contents located in a defendant's private office, see Mancusi v. DeForte, 392 U.S. 364, 367-70 (1968) ("It has long been settled that one has standing to object to a search of his office, as well as of his home."); Henzel v. United States, 296 F.2d 650, 653 (5th Cir. 1961) (noting that seized documents were kept in defendant's office along with personal belongings), or addressed the constitutionality of permitting warrantless seizures based on administrative regulations, see New York v. Berger, 482 U.S. 691 (1987) (upholding constitutionality of warrantless search of closely regulated businesses pursuant to administrative regulation). After conducting a de novo review, this Court agrees with the Magistrate Judge that Defendant lacks standing to challenge the warrantless search of the pmxrefinery.com website and bank account statements addressed to two corporate entities owned by Defendant. United States v. Vicknair, 610 F.2d 372, 379 (5th Cir. 1980) ("When corporate property is seized or searched, an individual cannot assert the corporation's Fourth

2

Amendment rights absent a showing that he had an independent privacy interest in the goods seized or the area searched.").[1]

Additionally, Defendant contends that this Court should excuse his failure to offer anything more in his third Motion to Suppress than the conclusory statement that an affiant committed perjury to obtain search warrants. (Doc. 141 at 8.) Even in his objections Defendant still fails to identify what statements are false. While this Court does construe pro se filings liberally, it cannot litigate this case on Defendant's behalf. The Court provided Defendant with appointed counsel, whom Defendant subsequently discharged. Having elected to proceed without the assistance of a competent attorney, Defendant must live with the results of his uncounseled decisions and arguments. In any event, Defendant's continued failure to specifically identify any false statements used to procure the search warrants requires that his third Motion to Suppress be denied.

SO ORDERED this 12th day of February 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.