IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR415-095
)
STACY PAUL WADDELL, )
)
Defendant. )
)

## ORDER

Before the Court is Defendant's Objection (Doc. 143) to the Magistrate Judge's Order (Doc. 126) denying Defendant's Motion for Discovery and Inspection (Doc. 111), and Motion for Transcripts (Doc. 112). The Magistrate Judge's denial of these motions is a ruling on nondispositive matters. As a result, this Court's review of that decision is governed by Federal Rule of Civil Procedure 72, which requires this Court to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see 18 U.S.C. § 636(b)(1)(A) (authorizing magistrate judge to decide nondispositive matters, which district court may reconsider "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

This standard—clearly erroneous or contrary to law—is exceedingly deferential. Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (unpublished) (citing Dochniak v. Dominium Mgmt. Servs., Inc., 240 F.R.D. 451, 452 (D. Minn. 2006)). A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, " 'is left with a definite and firm conviction that a mistake has been made.' " Id. (quoting Murphy v. Gardner, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006)). A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law. Id. (quoting S.E.C. v. Cobalt Multifamily Inv'rs I, Inc., 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

Reviewing Defendant's objections and the record in this case, the Court is unable to conclude that the Magistrate Judge's order denying Defendant's motions was either clearly erroneous or contrary to law. However, Defendant states in his objections[1] that he requires transcripts of various hearings to attack the creditability of Government agents. (Doc. 143 at 2.) Because Defendant has now provided a valid basis for obtaining the

---

[1] In his initial motion, Defendant failed to provide any basis for his requests, prompting the Magistrate Judge to deny his request.

transcripts at taxpayer expense, Defendant's objections with respect to his June 16, 2015, July 16, 2015, and November 18, 2015 arraignments are **SUSTAINED**. The Court Reporter is **DIRECTED** to prepare transcripts of these hearings and provide copies to Defendant, all at public expense. Defendant's remaining objections (Doc. 142) are **OVERRULED**.

SO ORDERED this 12th day of February 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA