# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. CR415-095 |
| | ) | |
| STACY PAUL WADDELL | ) | |

## ORDER

Stacy Paul Waddell has been indicted for defrauding others via online precious metal sales. The third and latest superseding indictment bears Counts for wire fraud, possession and sale of counterfeit coins, and tampering with documents or proceedings. Doc. 210 ("Third Superseding Indictment"). Money laundering, telemarketing fraud, aiding and abetting, and conspiracy charges have been dropped.

Waddell moves to sever Count Five, possession and sale of counterfeit coins. Doc. 220. Counts One through Four charge him with executing a scheme to defraud that involved, among other things, placing online ads promising gold and silver at deeply discounted prices; inducing victims to place (and prepay for) orders through www.pmxrefinery.com, then failing to deliver the goods (or delivering counterfeit gold coins to customers who thought they were buying real gold coins). Waddell then

kept the money for himself. Doc. 210 ¶¶ 1-11. He used wire transfers to effectuate his scam. *Id.* ¶ 12. Count Five alleges that he knowingly sold 39 counterfeit gold coins during the same time frame as the scheme to defraud charged in the preceding counts. *Id.* at ¶ 14. Count Six incorporates by reference Counts One through Five and accuses Waddell of attempting to destroy, mutilate, and conceal those 39 counterfeit coins. *Id.* at ¶ 16.

Under Fed. R. Crim. P. 8(a), an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." That rule is construed broadly in favor of initial joinder. *United States v. Smalley*, 754 F.2d 944, 946 (11th Cir. 1985); *United States v. McIntosh*, 2016 WL 695742 at * 1 (N.D. Ga. Jan. 6, 2016). To determine if joinder is proper, courts look to the allegations on the face of the indictment and, if the indictment lacks an explicit connection between the charges, to reasons offered by the Government. *See United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000); *United States v. Hersh*, 297 F.3d 1233, 1241 n. 10 (11th Cir. 2002) ("[A

sufficient connection] can be apparent from the face of the indictment or by the government's representations before trial, if such representations are borne out in the evidence presented during trial.").

The face of the indictment and additional governmental reasoning provide ample connection between Count Five (possession and sale of counterfeit coins) and Counts One - Four (wire fraud). To his victims Waddell promised one thing and delivered another (or nothing). He thus is charged with a scheme to defraud involving, among other things, "deliver[y of] counterfeit gold to customers who had placed orders for genuine gold." Doc. 210 at 3 (description of Waddell's fraud scheme provided in Counts One - Four of the Third Superseding Indictment). Count Five then incorporates by reference that allegation and accuses Waddell of that very activity by possessing and selling, "with intent to defraud . . . thirty-nine (39) [fake] $50 Gold Eagle gold coins." *Id.* at 5.

The indictment alone, then, provides a connection between the scheme to defraud (Counts One - Four) and Count 5. Were that not enough, the Government says that testimony at trial will show that Waddell, in the course of operating the fraudulent scheme at the heart of Counts One - Four, sold fake gold coins (possession of which accounts for

Count Five) to one victim, and that that transaction partially undergirds those counts. Doc. 229 at 3. That more than suffices to provide the connection Rule 8(a) requires. *See, e.g., United States v. Gray*, 2011 WL 3844082 at *2 (S.D. Fla. Aug. 26, 2011) (identity theft and drug trafficking charges sufficiently connected where evidence showed that defendant "participat[ed] in the possession and transfer of false identification . . . for the purpose of funding the drug trafficking conspiracy").

Nevertheless, even properly joined offenses may be severable if the defendant can show that a jury would be unable to "follow a court's limiting instructions" and "render a fair and impartial verdict" in a trial of the joined counts. *Hersh*, 297 F.3d at 1243; *see also* Fed. R. Crim P. 14 ("If the joinder of offenses . . . appears to prejudice a defendant . . . the court may order separate trials of counts. . . ."); *Hersh*, 297 F.3d at 1243 ("The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own . . . conduct in relation to the allegations contained in the indictment and render a

fair and impartial verdict."). "Absent evidence to the contrary, [courts] presume that . . . jur[ies are] able to follow the court's instructions and evaluate the evidence against each defendant independently." *United States v. Walser*, 3 F.3d 380, 387 (11th Cir. 1993).

Waddell offers nothing beyond bald conclusions to overcome that presumption. He simply contends, without offering any specifics, that he will be prejudiced and "subject to confusion" if Count Five remains joined. Doc. 220 at 2. That's just not enough. He fails to explain why and how the offense grouping within the indictment is confusing, let alone prejudicially so. Having failed to show improper joinder or compelling prejudice, Waddell's motion to sever (doc. 220) is **DENIED**.

**SO ORDERED,** this  25th  day of May, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA