# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR415-095 |
| | ) | |
| STACY PAUL WADDELL | ) | |

## REPORT AND RECOMMENDATION

Stacy Paul Waddell has been indicted for defrauding others via online precious metal sales. He moves to dismiss the case against him. Doc. 210, *as amended,* doc. 219. The Government's first indictment advanced only one count: Conspiracy to Commit Wire and Mail Fraud (18 U.S.C. § 1349).[1] Doc. 3. A superseding indictment added counts for wire fraud (18 U.S.C. § 1343); mail fraud (18 U.S.C. 1341); Tampering with Documents or Proceedings (18 U.S.C. § 1512(c)(1)), and Aiding and Abetting (18 U.S.C. § 2). Doc. 44. A second superseding indictment added counts charging Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i); 18 U.S.C. § 1957) and Telemarketing Fraud (18 U.S.C. § 2326). Doc. 89. With the third and latest superseding indictment the money laundering,

---

[1] For convenience the Court is disregarding the "Forfeiture" Count common to the indictments noted here.

telemarketing fraud, aiding and abetting, and conspiracy charges have been dropped. Doc. 210.

Despite what is reflected in the latest indictment's caption (it still mentions telemarketing fraud, plus aiding and abetting) Waddell now faces a simpler case: Wire Fraud, doc. 210 at 1-5 (Counts One - Four), Possession and Sale of Counterfeit Coins, *id.* at 5 (Count Five), and Tampering with Documents or Proceedings, *id.* at 5-6 (Count Six). The money laundering, telemarketing fraud, aiding and abetting, and conspiracy charges have been dropped.

Counts One through Four charge Waddell with executing a scheme to defraud that involved, among other things, placing online ads promising gold and silver at deeply discounted prices to induce victims to prepay for orders through www.pmxrefinery.com, then failing to deliver the goods (or delivering fake gold coins). Waddell then kept the money for himself. Doc. 210 ¶¶ 1-11. He used wire transfers to effectuate that scam. *Id.* ¶ 12. Count Five charges him with possessing counterfeit gold coins with intent to defraud, while Count Six accuses him of attempting to destroy, mutilate, and conceal those coins. *Id.* ¶ 16.

As he has done with past indictment iterations, docs. 106, 139, Waddell moves to dismiss this latest indictment. Doc. 213, *as amended*, doc. 219. Once again, he simply describes a charge and declares it unsupported or "prejudicial." For example, he contends that

> [t]he third superseding indictment fails to allege any specific false or fraudulent misrepresentation. The previous indictments alleged that the defendant falsely claimed to have gold and silver at "significantly discounted prices" and falsely promised "quick delivery". These statements are not alleged in the current indictment, therefore defendant could not be found guilty of the offense of wire fraud.

Doc. 219 at 1 ¶ 1.

In fact the indictment spells it all out for Waddell. But first, a reminder: Wire fraud is proved by showing: (1) the intentional perpetuation of a scheme to defraud and (2) use of interstate wires in furtherance of scheme (but the use of wires need not be actually intended, only be reasonably foreseeable). 18 U.S.C. § 1343; *United States v. Phillips*, 2016 WL 1391758 at * 1 (11th Cir. Apr. 16, 2016). The latest indictment explicitly accuses Waddell of fomenting online ads to lure others to pay for gold or silver through a Waddell-generated website with the intent of *not* delivering anything, or delivering fake coins. Doc.

3

210 ¶¶ 1-12. That's more than enough to support the wire fraud count. Waddell's argument is plainly frivolous.

Waddell's remaining arguments ride the same rails. In fact, his past and present dismissal motions reveal an odiously cynical strategy: After each new indictment he moves to dismiss, contending that something's deficient merely because he says so, ignoring *dispositive* factual allegations and black-letter case law. This tactic obviously weighs down the prosecution and needlessly consumes judicial resources. His Motion to Dismiss (doc. 213, *as amended,* doc. 219) should be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this __25th__ day of May, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA