**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

UNITED STATES OF AMERICA    )
                            )
v.                          )
                            )        CASE NO. CR415-095
                            )
STACY PAUL WADDELL,         )
                            )
    Defendant.              )
_____ )

## O R D E R

Before the Court are Defendant Stacy Paul Waddell's Motion for Funds to Hire Audio/Visual Assistant (Doc. 221) and Amended Motion for Funds to Hire Audio/Visual Expert/Assistant (Doc. 256). In these motions, Defendant requests that the Court provide him with an individual to assist with his presentation of audio and video exhibits at trial. In his amended motion, Defendant proposes that he be allotted $15.00 per hour for this assistant. (Doc. 256 at 2.) Defendant also requests that he be permitted to familiarize himself with the technology available in the courtroom and use a laptop during trial. (Doc. 221 ¶¶ 4-5.)

Defendant's perceived necessity for these accommodations are the direct result of his own decisions. This Court provided Defendant with competent legal counsel at no expense. Rather than accept that help, Defendant spurned the assistance of his counsel and elected to

proceed in this case pro se. Defendant made this decision after being repeatedly advised by counsel, the Magistrate Judge, and this Court that electing to proceed without counsel's assistance would be a serious mistake and present significant logistical issues regarding the preparation and presentation of Defendant's case. Defendant received numerous warnings that his pretrial detention would hinder his ability to perform many of the pretrial activities that might normally be handled by counsel. Despite these numerous and stern warnings, Defendant nevertheless exercised his right to conduct his own defense. That was Defendant's right and Defendant's choice, but he must now live with the attendant consequences that flow from his decision.

After considering Defendant's motion, this Court will not direct Defendant's jailer to provide Defendant with any additional special accommodations absent those that have already been provided. The Court is confident that the record in this case will show the extent to which this Court bent over backward to accommodate Defendant's numerous requests. The Court has gone beyond what is both required and reasonable, and will go no further. Defendant created the need for him to prepare for his defense while in jail and must make do with his current situation.

In his amended motion, Defendant states that he "has located a local law student to assist at trial with operating the computer during presentment of audio and video exhibits." (Doc. 256 at 2.) The Court wishes to be very clear on this point: individuals who are not members of this Court's bar are prohibited from sitting at counsel's table during trial. This prohibition extends to purported law student volunteers that may be assisting in the presentation of audio or video evidence. Despite Defendant's unwillingness to cooperate with his appointed counsel, the Court has already directed counsel to be present during trial. Therefore, Defendant's counsel will be available to assist in the presentation of any audio or video evidence that is determined to be admissible. Should counsel desire, a member of his staff may assist him in the presentation of admissible electronic evidence. The Court will not authorize the payment of $15.00 per hour for an individual to conduct these tasks when it has already provided Defendant with a court-appointed attorney.

In his motion, Defendant also requests permission to use a laptop computer during trial. After careful consideration, the Court will permit Defendant to use at trial a laptop computer that is not connected to the internet. The Court will not provide Defendant with a

laptop computer. Therefore, Defendant must make arrangements to have his own computer for trial. For the foregoing reasons, Defendant's Motion for Funds to Hire Audio/Visual Assistant (Doc. 221) and Amended Motion for Funds to Hire Audio/Visual Expert/Assistant (Doc. 256) are **DENIED** with the sole exception of Defendant's request to use a laptop computer during trial, which is **GRANTED**.

SO ORDERED this **6th** day of July 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA