IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR415-095
)
STACY PAUL WADDELL, )
)
Defendant. )
)

**ORDER**

Before the Court is Defendant Stacy Paul Waddell's Motion to Admit Portions of Call to Robert Folkenberg. (Doc. 194.) In the motion, Defendant contends that the phone conversation is admissible to "clarify certain issue [sic], to show Mr. Folkenberg's state of mind, his willingness to speak with defendant, and his frankness regarding certain issue [sic]." (Id. ¶ 5.) Defendant claims that the statements are admissible as prior inconsistent statements and under the residual clause of the hearsay exception. (Id. at 3.) After careful consideration, Defendant's motion is **DENIED**.

As an initial matter, Defendant has failed to establish that the phone conversation is either relevant to this case or inconsistent with any prior statement by Mr. Folkenberg. Moreover, Defendant failed to provide Mr. Folkenberg with the required opportunity to explain or deny the inconsistent statement. See Fed. R. Evid. 613(b) ("Extrinsic evidence of a

witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement . . . ."). Defendant was provided with ample opportunity to question Mr. Folkenberg about any inconsistent statements during Mr. Folkenberg's video deposition.[1] Failing to do so, Defendant cannot now seek to admit the prior inconsistent statement under Rule 613. Finally, the Court finds no support for the argument that Mr. Folkenberg's statements meet the residual exception to the hearsay clause. See Fed. R. Evid. 807 (permitting admission of hearsay where it "has equivalent circumstantial guarantees of trustworthiness; [] is offered as evidence of a material fact; [] is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and [] admitting it will best serve the purposes of these rules and the interests of justice.").

SO ORDERED this 8th day of July 2016.

*(signature)*
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Mr. Folkenberg was diagnosed with terminal cancer during the pendency of this case, ultimately passing away several months ago. Prior to his passing, Mr. Folkenberg's testimony was preserved by video deposition, during which Defendant was provided a full opportunity to participate. (See Doc. 80.)

2