IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR415-095
)
STACY PAUL WADDELL, )
)
Defendant. )
)

## ORDER

Before the Court is Defendant Stacy Paul Waddell's Second Motion in Limine. (Doc. 196.) In this motion, Defendant seeks to preclude the Government from offering evidence of or referring to

(1) Defendant's interactions with "strippers;"

(2) Testimony of Mr. Wesley Bassil;

(3) Unfilled orders of customers that are not identified in the fourth superseding indictment;

(4) Testimony not directly related to the scheme alleged in the fourth superseding indictment;

(5) Individuals that allegedly responded to Defendant's craigslist ads, but are not listed in the fourth superseding indictment;

(6) A photo identification of Defendant by Mr. David Ham; and

(7) Testimony relating to uncharged or dismissed offenses.

(Id. ¶¶ 1-7.) In their response, the Government states that Defendant's motion should be denied in its entirety. (Doc. 202.) For the following reasons, Defendant's motion is **DENIED**.

Defendant seeks to preclude any evidence of his prior interactions with "strippers," arguing that it would be irrelevant, inflammatory, and prejudicial. (Doc. 196 ¶ 1.) The Government responds that some of the individuals Defendant directed to perform acts in furtherance of his scheme to defraud were employed as "strippers" prior to being hired by Defendant. (Doc. 202 at 1-2.) The Government contends that Defendant first met these individuals when they were employed as "strippers." (Id. at 2.) Based on this association, the Government maintains that their previous employment is relevant and should be admissible at trial. (Id.)

At this point, the Court is unable to determine the admissibility of this evidence absent the specific context in which it may be offered. For this reason, this portion of Defendant's motion is **DENIED** at this time. However, the Court struggles to envision a scenario in which this evidence would be sufficiently relevant such that its admission would be anything other than unfairly prejudicial. Should the need arise, Defendant may renew his objection at trial.

Defendant objects to the introduction of any testimony from Mr. Bassil as unfairly prejudicial because Mr. Bassil "does not claim to have responded to a Craigslist ad for precious metals." (Doc. 196 ¶ 2.) The Government contends that Mr. Bassil's interactions with Defendant constitute acts in furtherance of Defendant's scheme to defraud. At this point, the Court is unable to conclude that Mr. Bassil's testimony would be inadmissible. Accordingly, this portion of Defendant's motion is **DENIED**.

Defendant objects to the introduction of evidence pertaining to unfilled orders that are unrelated to the crimes charged in the indictment. (Id. ¶ 3.) Similarly, Defendant seeks to exclude testimony concerning witnesses' responses to Craigslist ads (id. ¶ 4) and "testimony relating to various dismissed or uncharged offenses" (id. ¶ 7). However, "evidence of uncharged conduct that is part of the same scheme or series of transactions and uses the same modus operandi as the charged offenses is admissible as intrinsic evidence." United States v. Ford, 784 F.3d 1386, 1394 (11th Cir. 2015); accord United States v. U.S. Infrastructure, Inc., 576 F.3d 1195, 1210-11 (11th Cir. 2009) (permitting evidence of uncharged conduct if "linked in time and circumstances with the charged crime and concerns the context, motive or setup of the crime; or forms an integral part of the crime; or is necessary to complete the story of the

crime"). Accordingly, these portions of Defendant's motion are **DENIED**.

Defendant seeks to prohibit the Government from presenting testimony "not directly on point with the [G]overnment's alleged scheme." (Doc. 196 ¶ 4.) However, Defendant's motion offers scant specificity beyond this general request. Without more, the Court is unable to determine what, if any, evidence would be inadmissible. Accordingly, this portion of Defendant's motion is **DENIED**.

Finally, Defendant objects to the introduction of Mr. Ham's identification of Defendant. (Id. ¶ 6.) At this point, the Court is unable to determine the admissibility of the identification. Defendant appears to be challenging, for the first time, the legitimacy of the photo identification based on it being unduly suggestive. Without any additional information, the Court is unable to determine that the identification testimony would be inadmissible. Accordingly, this portion of Defendant's motion is **DENIED**. However, Defendant may renew his objection at trial.

SO ORDERED this 8th day of July 2016.

_____
WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA