FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2016 JUL 22 PM 12: 28

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR415-095 |
| ) | |
| STACY PAUL WADDELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# O R D E R

Before the Court is the Government's Motion to Quash Subpoena Directed to Anita Folkenberg. (Doc. 280.) In the motion, the Government moves to quash because her testimony would be irrelevant or admissible, and requiring her to travel to Savannah to testify would be both physically difficult and emotionally painful. (Id. at 4.) In his response, Defendant contends that Mrs. Folkenberg's testimony is necessary to establish her husband's state of mind during his deposition and at other times, and the chronological order of certain events central to Defendant's theory of defense. (Doc. 281 ¶¶ 4-5.) After reviewing the parties' briefing, along with the record, and conducting a hearing on this matter, the Court concludes that the Government's motion must be **GRANTED IN PART** and **DENIED IN PART**.

As part of his subpoena, Defendant requests Mrs. Folkenberg provide her husband's telephone records and any emails he received from Defendant. In an affidavit, Mrs. Folkenberg attests that she is unable to provide those documents because she lacks access to both the phone records and her husband's email account. (Id., Ex. B. ¶ 5.) Also, the Government correctly notes that Defendant can access these documents from other sources. (Id. at 3.) For these reasons, those portions of Defendant's subpoena are **QUASHED**.

However, the Court declines to quash the remainder of Defendant's subpoena request, including the requirement that Mrs. Folkenberg appear to testify at trial. The Court is cognizant that Mrs. Folkenberg is seventy-five, but believes that traveling to Savannah would not present such a hardship that Defendant should be denied the attendance of a witness he claims is central to his defense. Moreover, Mrs. Folkenberg has not submitted any evidence that she is medically unable to travel from Winter Haven, Florida to Savannah.

In its motion and at the hearing, the Government has rigorously maintained that Mrs. Folkenberg has no relevant, admissible testimony to offer at trial. While trial might reveal this claim to be accurate, the Court does not have

2

the luxury of making such a bold prediction at this stage of the proceedings. Furthermore, the Government must recognize that this Court is unable to blindly accept the truth of the Government's statement regarding Mrs. Folkenberg's testimony merely because counsel for the Government was making it. In this case, Mrs. Folkenberg is identified as a victim of Defendant's alleged scheme to defraud, was certainly present during Mr. Folkenberg's deposition, and according to Defendant was present at meetings between Defendant and Mr. Folkenberg. While recognizing the physical difficulties and emotional hardships she might face, the record in this case and Defendant's constitutional right to a fair trial requires the Court to compel her attendance at trial.

In this matter, the Government has gone to great lengths to advocate on behalf of Mrs. Folkenberg. That, however, is not the Government's role in this case. The filing of the Motion to Quash on Mrs. Folkenberg's behalf is, in this Court's opinion, highly unusual. Moreover, the transfer of subpoenaed documents from Mrs. Folkenberg to Defendant via the Government is both unusual and improper. By operating in this manner the Government is acting as a filter through which evidence requested by Defendant must flow. Trial in this case must occur on the Constitution's

terms, not the Government's. Accordingly, the Government is **DIRECTED** to inform Mrs. Folkenberg to provide the subpoenaed documents directly to standby-counsel, who will then forward them to Defendant.

SO ORDERED this 22nd day of July 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA